IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-058 |
| | ) | |
| LARRY VANTARIS MIMS | ) | |

**ORDER**

Pursuant to Fed. R. Crim. P. 12.1, the government requests that Defendant Larry Vantaris Mims serve upon the government a written notice of his intention to offer an alibi defense. Defendant Mims has filed a response entitled "Defendant's Objection to Motion for Reciprocal Discovery, Demand for Notice of Expert Testimony, and Notice of Alibi Defense." (Doc. no. 18). Defendant states only that he "objects to the relief requested by the United States of America"; he offers no explanation as to whether his objection goes to a specific portion, or all, of the government's multi-part motion or what specific objection he may have to any request from the government. (See doc. nos. 16, 18). Although Defendant does request that the Court "provide protection to items that are attorney privileged or confidential," he does not provide any indication of what, if any, discovery information sought by the government falls under the rubric of "attorney privileged or confidential."[1] (Doc. no. 18).

---

[1] Notably, neither does defense counsel suggest that the government has pressed for any protected information.

In light of the lack of any specific opposition, the government's "Motion for Notice of Alibi Defense" is **GRANTED**. (Doc. no. 16-3). Defendant Mims shall serve upon the government his notice of intent to rely upon an alibi defense, if applicable, within ten (10) days of the date of this Order. As the attorney-client privilege and work product doctrine are well-established, the Court presumes that the government and defense counsel should be able to engage in good faith consultation to resolve any issues as to protected information that may arise. Neither this Order, nor the Court's June 5, 2008 Order granting the government's request for reciprocal discovery and notice of intent to use expert testimony (doc. no. 17, p. 6), should be construed as requiring defense counsel to produce any information to the government that is protected by the attorney-client privilege and/or the work product doctrine.

SO ORDERED this 18th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE